UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WASHINGTON,

    Plaintiff,

v.

    Case No. 1:20-cv-558

    Hon. Hala Y. Jarbou

KALAMAZOO GARDEN SOLUTIONS,

    Defendant.
_____/

## ORDER

This is an action by a pro se plaintiff claiming employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiff Michael Washington filed a motion to "dismiss" the case due to "suppression of evidence" and "submission of false evidence" by Defendant (ECF No. 19). Defendant Kalamazoo Garden Solutions ("KGS") filed a motion for summary judgment (ECF No. 20). The magistrate judge issued a report and recommendation that the Court grant KGS's motion for summary judgment and deny Washington's motion to dismiss (R&R, ECF No. 31). Before the Court are Washington's objections to the R&R (ECF No. 32).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Washington's claim is based on a failure to promote. He contends that KGS refused to promote him to the position of Field Manager because of his race. Instead, it hired Terri Lammers,

his former supervisor.  Washington urges the Court to apply the test in *Hunt v. Con Edison Co. N.Y.C.*, No. 16-CV-0677, 2018 WL 3093970 (E.D.N.Y. June 22, 2018) for establishing a prima facie case of employment discrimination based on a failure to promote.  However, that opinion is from New York, it is not published, and it is not binding on this Court.  The magistrate judge applied the proper standards from *White v. Columbus Metropolitan Housing Authority*, 429 F.3d 232, 240 (6th Cir. 2005) and *Anthony v. BTR Automotive Sealing Systems, Inc.*, 339 F.3d 506, 515 (6th Cir. 2003).  The latter cases are binding on this Court.

Washington apparently contends that KGS's decision to wait for a period of time after interviewing him is evidence of discrimination because he was the only qualified candidate at the time.  It interviewed him again a few weeks later, around the time that it interviewed Lammers for the first time.  However, Title VII does not require employers to make immediate employment decisions.  Indeed, it would be odd for an employer to make such a decision after interviewing only one candidate.  Moreover, the test for a prima facie case requires Washington to show that he was treated less favorably than a similarly situated individual.  For all the reasons discussed in the R&R, Washington failed to show that he was similarly situated with Lammers.  And as noted in the R&R, "the fact that Williams was interviewed twice and Lammers was interviewed once is not proof of discrimination."  (R&R 11.)

Next, Washington contends that KGS did not keep his resume on file after it made its hiring decision.[1]  He contends that the decision not to keep his resume on file is evidence of its discriminatory animus toward him.  However, Washington does not explain how this alleged failure bears on his claim, which is that KGS discriminated against him by hiring Lammers rather

---

[1] When KGS produced a copy of Washington's personnel file to Washington during the discovery period in this case, the file did not contain his resume.

2

than promoting Williams. KGS's failure to keep his resume on file after the hiring decision sheds no light on the basis for that decision.

Washington also contends that the failure to keep his resume on file is a violation of the recordkeeping requirements for employers in 29 C.F.R. § 1602.14. Even if that is the case, however, it does not change the outcome of KGS's motion. Washington's complaint is based on KGS's allegedly discriminatory decision not to promote him. It is not based on KGS's recordkeeping practices. Thus, Washington's objection is irrelevant.

Washington also argues that the magistrate judge did not consider evidence of KGS's "deception." (Pl.'s Objs., PageID.995.) For instance, KGS allegedly made the following representations to the EEOC that were not true: it interviewed Washington only once; Washington did not have experience with Excel; Washington had no management experience other than in a deli; and Washington arrived late to his interview. (*Id.*) He also contends that KGS did not consider all the qualifications listed on his resume and discussed at his interviews.

KGS's statements to the EEOC are irrelevant to Washington's Title VII claim. Those statements may have some bearing on KGS's credibility, but credibility is not a factor that the Court considers at the summary judgment stage. Instead, the Court looks to the evidence to determine whether there is a genuine dispute of fact for trial. Washington did not provide evidence that would create such a dispute.

Similarly, it is not relevant that KGS may have failed to consider some of Washington's qualifications. Setting aside the fact that no evidence supports Washington's belief that KGS did not consider all his qualifications, the Court agrees with the magistrate judge that the evidence indisputably shows that Lammers was more qualified. (*See* R&R 7.) Thus, she was not similarly situated and Washington failed to demonstrate a prima facie case.

Finally, Washington contends that KGS's statements to the EEOC were willfully false, in violation of 29 C.F.R. § 1602.8.  As indicated above, however, Washington's complaint is based on KGS's failure to promote him, not its statements to the EEOC.  Thus, a violation of the foregoing regulations is not relevant.

In short, Washington's objections are meritless.  Upon review, the Court finds that the R&R correctly disposes of the motion for summary judgment and the motion to dismiss.

The Court notes that it permitted Washington to proceed *in forma pauperis*; he may proceed as such on appeal unless the Court certifies that an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A).  The Court declines to make such a certification.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 31) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss (ECF No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal would not be taken in good faith.

A judgment will enter in accordance with this Order.

Dated:   August 3, 2021                                /s/ Hala Y. Jarbou
                                                       HALA Y. JARBOU
                                                       UNITED STATES DISTRICT JUDGE